UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUIT SUPPLY (U.S.A.), INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-08932-SVK<br><br>**ORDER ON (1) DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND FOR AN ORDER TO SHOW CAUSE RE SANCTIONS; AND (2) PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. Nos. 20, 26 |

Plaintiff Scott Johnson brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act, alleging that he encountered barriers during August and September 2021 visits to the Suit Supply store at 333 Santana Row, San Jose, California (the "Store"), which is owned by Defendant Suit Supply (U.S.A.), Inc.  Dkt. 17 (First Amended Complaint- "FAC") ¶¶ 2, 3, 8.  The barriers alleged by Plaintiff relate to sales counters at the Store.  *Id.* ¶¶ 10-16.

Earlier in the case, Defendant filed a motion to dismiss the original complaint.  Dkt. 10 (the "first motion to dismiss").  In that motion, Defendant argued that the Court lacked subject matter jurisdiction over the case because Defendant had remediated the alleged barrier relating to sales counters at the Store.  *Id.*  In lieu of filing an opposition to the first motion to dismiss, Plaintiff filed the FAC.  Dkt. 15, 17, 19.

Now before the Court is Defendant's motion to dismiss the FAC for lack of subject matter jurisdiction and for an order to show cause why Plaintiff and/or his attorneys should not be sanctioned.  Dkt. 20.  Also before the Court is Plaintiff's administrative motion seeking an order requiring Defendant to provide dates for a joint site inspection.  Dkt. 26.  The Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 6, 13.  Pursuant to Civil Local Rule

1  7-1(b), the Court deems these matters suitable for determination without oral argument. For the
2  reasons that follow, Defendant's motion to dismiss is **GRANTED,** Defendant's request for an
3  order to show cause regarding sanctions is **DENIED**, and Plaintiff's motion for administrative
4  relief is **DENIED.**

## I. LEGAL STANDARD

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of the plaintiff's allegations." *Id.* In addition, once the defendant makes a factual challenge by presenting extrinsic evidence to dispute the allegations in the complaint, "the party opposing the motion must present affidavits or any other evidence necessary to satisfy its burden that the court, in fact, possesses subject matter jurisdiction." *Johnson v. Techbusiness Resources, LLC*, No. 20-cv-06048-BLF, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020) (internal quotation marks and citations omitted). When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss. *Id.* (citation omitted). Specifically, where a plaintiff's substantive claims and the court's jurisdiction are both premised on the ADA, "the issues of jurisdiction and substance are intertwined" and the court applies the summary judgment standard. *Id.* A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)).

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

#### 1. ADA Claim

Under the ADA, a plaintiff may seek only injunctive relief and attorney's fees. *See* 42

United States District Court
Northern District of California

1   U.S.C. § 12188(a)(1); *Johnson v. Case Ventures, LLC,* No. 5:19-cv-02876-EJD, 2020 WL
2   4747908, at *2 (N.D. Cal. Aug. 17, 2020).  "Once a defendant has remedied all ADA violations
3   complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing."
4   *Case Ventures*, 2020 WL 4747908, at 2.  In that situation, the court no longer has subject matter
5   jurisdiction over the claim.  *Id.*  "Of course, '[a] defendant claiming that its voluntary compliance
6   moots a case bears a formidable burden.'"  *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw
7   Environmental Servs.*, 528 U.S. 167, 170 (2000)).

8   Defendant argues that Plaintiff's claims are moot and this Court lacks subject matter
9   jurisdiction because all alleged barriers have been removed.  Dkt. 20-1 at 11-13.  In support of this
10  factual challenge to subject matter jurisdiction, Defendant cites to evidence submitted in support
11  of the first motion to dismiss, specifically submit a declaration from Alex Granados, the manager
12  of the Store.  *Id.* at 7 (citing Dkt. 10-2 to 10-4).  According to Mr. Granados' declaration, a new
13  accessible counter was permanently installed at the Store after Plaintiff filed his original
14  complaint.  Dkt. 10-2 ¶ 4.  Mr. Granados provided photographs of the counter and photographs of
15  measurements of the counter.  Dkt. 10-3, 10-4.  In opposition to the present motion, Plaintiff does
16  not dispute Mr. Grandos' declaration or present any evidence to contradict his statement that a
17  new, compliant counter has been installed.  *See* Dkt. 22.

18  Plaintiff's arguments why the motion to dismiss should be denied are unavailing.  First,
19  Plaintiff asserts that it is inappropriate at this early stage in the matter to dismiss the matter as
20  moot since the jurisdictional facts are intertwined with the substantive issues of the case.  Dkt. 22
21  at 1-2.  As discussed above, however, this does not mean that the Court cannot grant relief on a
22  motion to dismiss; it simply means that the summary judgment standard applies.  The evidence
23  presented by Defendant, which Plaintiff does not present any evidence to dispute, meets that
24  standard because it establishes that there is no genuine issue of material fact that the alleged
25  barriers to access at the Store have been removed.

26  Second, Plaintiff states that discovery has not yet occurred due to General Order 56.
27  Dkt. 22 at 3.  Plaintiff argues that he should be allowed to conduct a joint site inspection "to
28  determine if any other barriers relating to his disability exist at Defendant's business."  *Id.*

1  Plaintiff argues that because he personally encountered barriers with respect to the sales counter,
2  and based on an allegation in the FAC that, on information and belief, "there are other violations
3  and barriers on the site that relate to his disability" (FAC ¶ 21), he has standing to seek
4  remediation of all barriers that relate to his disability, regardless of whether he personally
5  encountered them. Dkt. 22 at 3 (citing *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008)). Relatedly,
6  Plaintiff argues that the motion to dismiss should be continued so that he can conduct discovery,
7  citing Federal Rule of Civil Procedure 56(d). Dkt. 22 at 2-3.

8        General Order 56 does not preclude a defendant from filing a motion to dismiss for lack of
9  subject matter jurisdiction. *Johnson v. 1082 El Camino Real*, No. 5:17-cv-01391-EJD, 2018 WL
10 1091267, at *2 (N.D. Cal. Feb. 28, 2018). In addition, "Plaintiff has not submitted any declaration
11 showing a likelihood that controverting evidence exists" and "[t]herefore, the Court is not required
12 to postpone or deny Defendants' motion." *Id.* Moreover, Plaintiff's suggestion that dismissing
13 the ADA claim in this case would be premature is not well taken. The Ninth Circuit has explained
14 that although an ADA plaintiff can identify other barriers during discovery and seek to amend his
15 complaint, he must first plead one valid claim, and summary judgment is not inappropriate where
16 the barriers alleged in the complaint were remedied and the plaintiff did not conduct such
17 discovery. *Whitaker v. Tesla Motors, Inc.,* 985 F.3d 1173, 1178 (9th Cir. 2021). Indeed, the Ninth
18 Circuit in that case noted that "defendants should be encouraged to remove barriers from their
19 establishments" which "is an important objective of the ADA." *Id.* Granting the motion to
20 dismiss under the circumstances of this case achieves that policy objective.

21       Accordingly, the motion to dismiss the ADA claim is **GRANTED.**

22       **2.**     **Unruh Act Claim**

23 Having dismissed Plaintiff's sole federal law claim, the only remaining claim is Plaintiff's
24 claim under California's Unruh Act. As a state law claim, that claim is before the Court only
25 pursuant to the Court's supplemental jurisdiction." *See Arroyo v. Rosas,* 19 F.4th 1202, 1209-10
26 (9th Cir. 2021); *see also* 28 U.S.C. § 1367(a). Courts in this District have declined to exercise
27 supplemental jurisdiction over Unruh Act claims, regardless of the status of their parallel ADA
28 claim, because "the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any

4

countervailing considerations of economy and efficiency that might be adversely affected by requiring [the plaintiff] to refile his Unruh Act in state court" and because allowing an Unruh Act to proceed in district court "would countenance a wholesale evasion of … critical limitations on damages relief" that the California legislature has imposed for claims under the Unruh Act. *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (citing *Arroyo*, 19 F.4th at 1213).

The Court similarly declines to exercise supplemental jurisdiction over the Unruh Act claim in this case, where the Court is dismissing the ADA claim, because it would not further the interest of "economy, convenience, fairness and comity." *Garcia,* 2022 WL 395316, at *5; *see also* 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction").  Accordingly, the motion to dismiss the Unruh Act claim is **GRANTED.**

### 3. Request for Order to Show Cause re Sanctions

In addition to seeking dismissal of the FAC, Defendant seeks an order to show cause why Plaintiff and/or his attorney should not be sanctioned under 28 U.S.C. § 1927 or the Court's inherent power.  Dkt. 20; Dkt. 20-1 at 19.

Courts may sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.  Section 1927 sanctions require a finding of recklessness or bad faith.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091.  The Ninth Circuit requires a finding of "subjective bad faith," which is present "when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* Courts also have the inherent power to levy sanctions for "bad faith, which includes a broad range of willful improper conduct" or conduct "tantamount to bad faith" *Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir. 2001).

Defendant argues that Plaintiff has been on notice since Defendant filed the first motion to dismiss that the alleged sales counter barrier had been remedied.  *Id.*  According to Defendant, Plaintiff nevertheless filed the FAC without first visiting the property and without justification. *Id.*  Defendant argues that "Plaintiff filed the amended complaint knowing that the consequences

of such act would be the perpetuation of litigation and probable filing of" the present motion to dismiss. *Id.*

Defendant's motion for sanctions presents a close question. Defendant has shown that Plaintiff's amendments to the original complaint did not rectify the central problem with the original complaint—that the complained-of sales counter barrier had been remedied. *See* Dkt. 20-2 (redline of FAC showing changes from original complaint). In fact, most of the changes to the FAC were to refer to the alleged barriers in the past tense, which indicates that Plaintiff understood the alleged barriers had been removed. *See, e.g., id.* at redlines to ¶¶ 11, 12, 13, 14, 15. On the other hand, Federal Rule of Civil Procedure 15 gives a plaintiff the right to file an amended complaint as a matter of course in response to a motion to dismiss. Fed. R. Civ. P. 15(a)(1(B).

Under the circumstances of this case, the Court finds that sanctions are not warranted and therefore **DENIES** Defendant's request for sanctions.

### B. Plaintiff's Motion for Administrative Relief

Following completion of briefing on the present motion to dismiss, Plaintiff filed a motion for administrative relief, seeking an order requiring Defendant to provide dates for a joint site inspection. Dkt. 26. Because the Court grants Defendant's motion to dismiss the FAC, Plaintiff's motion for administrative relief is **DENIED.**

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, Defendant's request for an order to show cause concerning sanctions is **DENIED**, and Plaintiff's motion for administrative relief is **DENIED.**

**SO ORDERED.**

Dated: April 1, 2022

SUSAN VAN KEULEN
United States Magistrate Judge